

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GRB:sy
F.#2003R02826

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

December 8, 2004

DELIVERED BY HAND

The Honorable Arthur D. Spatt
United States District Judge
United States District Court
Eastern District of New York
1024 Federal Plaza
Central Islip, New York  11722

> Re: United States v. Amsterdam,
>     Case No. 04-CR-384 (ADS)

Dear Judge Spatt:

Please accept this letter in response to the reply brief in support of defendant's *Hammad* motion in the above-referenced prosecution, which, for the first time, seeks a hearing in connection with the tapes made of Amsterdam by Cary Cimino. For the reasons set forth herein, no hearing is required in this matter.

Although the defendant seeks to craft a violation of DR7-104(a)(1), even accepting the facts as characterized by the defendant, no such violation can be established. First, because no charges were pending and the principal subjects of the taped conversations were entirely separate and distinct from those discussed in settlement negotiations, the defendant cannot establish that the communication involved the same "matter" or that she was a "party" for the purposes of the rule. *Grievance Committee v. Simels*, 48 F.3d 640, 645 (2d Cir. 1995)(establishing narrow construction of the Rule); *cf.* Gleeson, John, "Supervising Criminal Investigations: The Proper Scope of the Supervisory Power of Federal Judges," 5 J.L. & Policy 423, 434-43 (1997)

(*Simels* "arguably has the effect of overruling [*Hammad*]").[1] Secondly, even if the rule were to apply, the communication at issue falls squarely within the "authorized by law" exception. *See United States v. DeVillio*, 983 F.2d 1185, 1192 (2d Cir. 1993); *United States v. Benjamin*, 72 F.Supp. 161, 192 (W.D.NY 1999).

Finally, on the undisputed facts of this case, the communication at issue could not possibly be within "the subject of the representation" since Amsterdam was committing a new crime – witness tampering – at the time the tapes were being made. Count Five of the Indictment charges Amsterdam for witness tampering in March 2004, and specifically describes the March 4 conversation which Amsterdam seeks to suppress. *See* Indictment, ¶¶ 20, 31-32. In this regard, the decision in *United States v. Mitcheltree*, 940 F.2d 1329, 1342 (10th Cir. 1991) has particular application to the case at bar:

> We view defendant's derivative evidence (fruit of the poisonous tree) claim in light of the general rule that, even though a defendant's right to counsel has attached for indicted offenses, she still may be questioned without counsel concerning uncharged offenses. *Moran*, 475 U.S. at 431, 106 S.Ct. at 1146. "To hold that the government is prohibited from investigating the defendant's involvement in new crimes, simply because [her] right to counsel has attached for a separate offense, would be essentially to immunize a defendant from further prosecution." *Terzado-Madruga*, 897 F.2d at 1112. The sixth amendment does not require such a result, indeed, the government *should* investigate efforts to derail a pending

---

[1] A copy of Judge Gleeson's article is attached for the Court's convenience. The government also contends that a violation of DR 7-104(A)(1) cannot support the suppression of evidence. Although *Hammad* held otherwise, *see* 858 F.2d at 842, that holding is untenable in light of subsequent interpretations of the disciplinary rules. *See Simels*, 48 F.3d at 647 (DR 7-104(A)(1) is not a source of rights for prospective defendants but rather is "primarily a rule of professional courtesy" among lawyers); *Niesig v. Team I*, 76 N.Y. 363, 369 (1990) ("While unquestionably important, and respected by the courts, the [disciplinary] code does not have the force of law."); *see also* Gleeson, *supra* at 438.

2

>           prosecution such as witness or jury tampering
>           or other attempts to obstruct justice.  *Id.*

(emphasis in the original.)  Thus, the defendant's request for a hearing should be denied.

Thank you for your consideration of this matter.

Respectfully submitted,

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

By: _____
Gary R. Brown
Chief Assistant U.S. Attorney
Long Island Criminal Division
631-715-7843

Enclosure
cc: Elkan Abramowitz, Esq. (by facsimile)
    Clerk of Court