UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA

   - against -

VALERIE S. AMSTERDAM,

**MEMORANDUM OF
DECISION AND ORDER**
04-CR-384 (ADS) (WDW)

          Defendant.
------------------------------------------------------------X

**APPEARANCES:**

**ROSLYNN R. MAUSKOPF**
United States Attorney
610 Federal Plaza
Central Islip, New York 11722
      By:    Gary R. Brown and
              Allen L. Bode, Assistant United States Attorneys

**MORVILLO, ABRAMOWITZ, GRAND,
IASON & SILVERBERG, P.C.**
*Attorneys for the Defendant*
565 Fifth Avenue
New York, New York 10017
      By:    Elkan Abramowitz, Esq.,
              Richard Albert, Esq., and Amy Tully, Esq., Of Counsel

**SPATT, District Judge.**

This is a motion by the defendant Valerie Amsterdam ("Amsterdam" or the "defendant") to preclude certain evidence that the Government seeks to introduce pursuant to Federal Rule of Evidence 404(b). The facts relevant to this motion are as follows:

On April 21, 2004, the Government filed a five count indictment against Amsterdam. Count One alleged that the defendant engaged in a conspiracy to defraud

the United States and an agency of the United States, the Eastern District of New York (the "Eastern District"); Count Two alleged an obstruction of justice with respect to proceedings in a criminal case before the Eastern District; Counts Three and Four alleged that Amsterdam made false statements to an FBI Agent and the United States Attorney's Office, respectively; and Count Five alleged that Amsterdam engaged in witness tampering.

On September 21, 2004 the Government filed a Superceding Indictment which added certain allegations relating to factors under the United States Sentencing Guidelines. On November 3, 2004, Amsterdam filed a motion *in limine,* to preclude certain evidence relating to Amsterdam's alleged improper use of her escrow account in dealing with her former client Saverio Galasso, III ("Galasso"), including the testimony of Galasso and David Hunter, that the Government seeks to offer pursuant to Rule 404(b). The basis for this motion is that this evidence is not relevant to the violation charged in Count Five.

Thereafter, on November 21, 2004 the Government filed a Second Superceding Indictment. This Second Superceding Indictment includes 24 Counts including a count of conspiracy to launder money and six counts of money laundering relating to Amsterdam's allegedly improper dealings with Galasso. Accordingly, because the above mentioned evidence is directly related to the offenses charged in the Second Superceding Indictment, Amsterdam's motion to preclude this evidence is

denied. However, this ruling does not in any way determine the actual admissibility of this evidence which will be determined, when appropriate, during the trial.

Based on the foregoing, it is hereby

**ORDERED**, that the Defendant's motion to preclude the Government's Rule 404(b) evidence relating to her alleged improper use of her escrow account in dealing with her former client Saverio Galasso, III, is **DENIED**.

**SO ORDERED.**

Dated: Central Islip, New York
       December 22, 2004

                                                ARTHUR D. SPATT
                                              United States District Judge