

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 19, 2021

<u>By ECF</u>

Clerk of the Court
(for forwarding to randomly assigned United States District Judge)
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re: United States v. Valerie S. Amsterdam
         <u>Criminal Docket No. 04-384 (S-2) (ADS)</u>

Dear Assigned District Judge[1]:

    The government respectfully writes to provide an update regarding the government's ongoing compliance with the Crime Victims' Rights Act, 18 U.S.C. § 3771 (the "Act"), in the above-captioned matter.

    By way of background, the defendant pleaded guilty on April 4, 2005 to Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371, which was not the highest offense charged in the twenty-four-count second superseding indictment, which also charged Obstruction of Justice, False Statements, Witness Tampering and Money Laundering. <u>See</u> ECF Dkt. No. 119. On June 30, 2006, the defendant was sentenced to six months' incarceration and the Court dismissed the remaining twenty-three counts of the second superseding indictment. <u>See</u> ECF Dkt. No. 162. As detailed during the public plea and sentencing proceedings, paragraph 6 of the defendant's April 4, 2005 plea agreement with the government provided, in part, that the defendant would

> permanently and irrevocably resign from . . . the New York State Bar and any other federal or state bar to which she is admitted . . . [and] agree[] not to practice law in any capacity . . .

---

[1] The government respectfully requests that the above-captioned matter, which was previously assigned to the Honorable Arthur D. Spatt, be randomly re-assigned, and that this letter be forwarded to the newly assigned District Judge.

> [including as a] law secretary, law clerk, legal paralegal or consultant to a legal practice . . . [and] agree[] never to apply for admission, readmission or permission to appear as counsel before any federal or state bar.

See April 4, 2005 Transcript of Guilty Plea at 20-21; June 30, 2006 Transcript of Sentencing at 52-60. The Honorable Arthur D. Spatt took this provision of the plea agreement into consideration in imposing sentence. See id. at 89.

In an abundance of caution, and in light of the Court's role in overseeing compliance with the Act in proceedings involving offenses against a crime victim, see 18 U.S.C. § 3771(b)(1), the government hereby provides the following update to the Court.

Upon request of counsel for the defendant, and in consideration of the passage of more than fifteen years since the defendant pleaded guilty, the government has agreed to waive and release the defendant from compliance with the above referenced provision of the plea agreement. An executed addendum to the plea agreement (the "Addendum") is enclosed. Consistent with 18 U.S.C. § 3771(c), the government has notified the crime victims of, and accorded them, the rights set forth in the Act, including by informing the victims of the anticipated signing of the Addendum and providing them with an opportunity to offer their views before the agreement to sign the Addendum was formally reached.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney

By: /s/
Allen Bode
Assistant U.S. Attorney
(631) 715-7828

Encl.

cc: Maurice Sercarz, Esq., counsel for the defendant (by Email)